[Franklin County Court of Common Pleas.]

BERT F. MULL, RECEIVER, v. THE SMITH PREMIER TYPEWRITER COMPANY.

Decided, January 6, 1904.

*Contract for Sale of Personalty—Was the Sale Conditional—Or an Ordinary Sale with Chattel Mortgage Security—If Conditional, Plaintiff Must Aver Title Was to Remain in the Vendor—Chattel Mortgage Containing only the Usual Conditions Does Not Reserve Title in Vendor—Trial—Cause Taken from Jury.*

1. A petition in a suit for recovery of the fifty per cent. paid on a contract for sale and purchase of personal property is demurrable, where it does not aver that the title was to remain in the vendor.
2. The execution of a chattel mortgage in the ordinary form, concurrently with the sale, and containing the usual conditions, does not tend to show the title was to remain in the vendor, and standing alone does not constitute evidence in that behalf which should be submitted to the jury.

The plaintiff in this case sued as receiver of The Investment Banking Company for recovery of the amount due under the statute governing conditional sales, by reason of the fact that certain typewriters, purchased on installment from the defendant company, had been taken possession of by the defendant without tendering or refunding, or offering to tender or refund any sum whatever. The plaintiff prayed for judgment for 50 per cent. of the amount paid on the purchase price of the machines.

BIGGER, J. (orally).

Heard on motion for non-suit.

The question, of course, on a motion of this kind to arrest the evidence from the jury, is: Is there evidence in the case, however slight it may be, which tends to support the necessary averments in plaintiff's petition? The question as to whether there is any evidence is a question for the court always. Of course the weight of the evidence, if there be any, is for the jury. The question therefore presented by this motion is: Is there any evidence in this case

which tends to support the contention that this was a conditional sale?

Now, sales upon installments are not inhibited by the statute. Sales, however made, in which the property is to be paid for in installments and the title to remain in the vendor until the whole or some portion of the purchase price is paid, are not inhibited by the statute, but where such sales are made, before the vendor can repossess himself of the property, he must return a portion of the purchase price as provided by the statute.

Now this case was submitted to the court sometime ago. I do not remember how long ago, but quite awhile ago, so that I have a rather indistinct recollection now of the argument made at the time upon the demurrer. But upon the strength of the Caldwell case, I think, I overruled the demurrer. I may say that upon further reflection I am of the present opinion that I was in error in overruling that demurrer. I think a petition which does not aver that the title was to remain in the vendor is bad; so that before the plaintiff could recover in this case I think he would have to amend his petition to begin with. I do not know what considerations influenced me at the time; whether it was the argument which counsel suggested here, that said averment would be but a legal conclusion or not. Whether I overlooked it I do not know, but it does certainly seem to me that a petition without such an averment would be obnoxious to a demurrer, because it is only to those sales in which the contract of sale itself reserves the title to the vendor until the entire purchase price or some portion of it is paid that this statute applies. So as I say, in this case I think the petition is demurrable. But the evidence has been introduced here, and without objection specially, so that if the evidence itself be sufficient I see no special difficulty in permitting the plaintiff to amend his petition and make it conform to the proof, under the practice in this state. And it therefore becomes a question as to whether there was any evidence here which tends to support the averment of the petition, assuming that that averment was contained in it.

Now the witness who has testified here, Mr. Starbuck, does not claim to have himself made the contracts, but states he was present at the time they were made, or at least all of them, I think, but one, if I recollect his testimony. On one occasion he was not there

when the contract was made. It is true he says this written contract is the entire contract. However, his last statement manifestly shows that this is not correct. The notes were executed at the same time and as a part and parcel of the transaction itself. Therefore it becomes at once manifest that this paper does not contain the entire contract. There was more upon his own testimony. And taking the testimony all in all it is manifest what that transaction was.

There was an agreement to sell, whether you may call it conditional or not; there was an agreement upon the part of the defendants here to sell certain typewriters to the investment company, and then these notes were executed at that time and what is denominated a chattel mortgage was also executed at the same time, and altogether that constituted the contract between the parties. As I understand the witness' testimony that in all cases except one the property was delivered at the time when the notes were executed, but in one case the notes and mortgages were executed prior to the delivery of the property, and that the machines were obtained subsequently; probably not all at one time, but at any rate the property was not delivered at the time this mortgage and notes were executed.

Mr. Rector: That was true in all of them.

Mr. Mosier: Not the fourth lot; he don't know anything about that.

The Court: I suppose that is the fact. I assume that the machines were not taken there of course until the sales were effected —until the papers were signed. That is the ordinary case in the sale of such property, that they would be delivered afterwards. Now in a transaction of that kind there can not be any question as to when the title actually passes, if it is sold, and so far as the proof shows this seems to have been a sale; these notes were executed by the investment company in payment or delivered by the investment company in payment for the machines and an instrument which, so far as I can discover, and I have examined it carefully, does not differ substantially from any other chattel mortgage in its conditions, was executed at the time to secure the unpaid portions of the purchase price. So far as the evidence shows that transaction or contract, whatever it was, was completed. If it is a binding contract

at all it was binding then on both parties. Neither party was to do anything subsequently. In other words, the contract did not depend upon any subsequent condition as that something should be made satisfactory to one of the parties, or that some work was to be done upon the property itself which should be done to the satisfaction of the party who was to buy. In such a case of course the contract is not completed until that be done to the acceptance of the other party and title would not pass. But where parties agree for the purchase of personal property, although the personal property is at the time in the possession of the vendor, and may remain for sometime in his possession, the contract is complete and the title passes to the vendee insofar as the vendor and vendee are concerned. It is true that such a transaction would not be valid as against a subsequent bona fide purchaser from the vendor, without notice. But in the case we have here that question does not arise. There is nothing of that kind involved here. This is a claim upon the part of the creditors of the vendee that the title did pass. There is no question of the rights of innocent purchasers for value, because the property was not delivered to the vendee at the time when the transaction took place. But I say, so far as the proof in this case shows it does not differ, and there is no proof whatever which makes it different from any other case of the sale of personal property, the personal property being at the time in the possession of the vendor and there being nothing further to be done by either party to make the contract a binding contract. Then this chattel mortgage was executed. Now, as I remarked a few minutes ago, our Supreme Court in the 66th Ohio State case, *Borsham* v. *Hamilton Pugh,* p. 82—a very recent case—had that very question under discussion, Judge Spear delivering the opinion, a very volumnious and exhaustive opinion, which sets the law out in full with reference to the time when title passes in such transactions, and I think fairly stated the rule upon that subject, there being nothing remaining to be done on the part of the vendor although the property is in his possession and to remain there for some time. The title passes, except of course as I say, except as to subsequent bona fide purchasers from the vendor without notice.

So that then in this case we simply have, taking the evidence as it stands here, a case of a sale of personalty and the execution of a

mortgage to secure the unpaid purchase money. How are we to distinguish it then upon the evidence in the case from any other instance of the sale of personalty with a chattel mortgage to secure it. Now insofar as the written proof of this contract is concerned, it is a question for the court to construe it and to say whether or not there is anything in the writing which brings it within the terms of the statute. Is there anything in the written portion of the contract which has the legal effect of reserving the title to the vendor until the purchase price or some part of it has been paid?

I need not say, of course, there is nothing in the written contract which reserves the title to the vendor. So far as the written contract is concerned the title passed. Then we simply have the case of a sale of personalty with a mortgage which in its form does not seem to differ from that of any other chattel mortgage. Now the fact that there is a condition in it that the chattel could not be removed without the consent of the mortgagor does not distinguish it from the ordinary case of a chattel mortgage, nor does the request to move the property out of the state and beyond the jurisdiction of this state and the refusal distinguish it from any other chattel mortgage. Chattel mortgages very frequently contain the provision that if the vendor deems himself in danger or thinks the security is not sufficient, he may seize it, and the Supreme Court has decided that even although he is mistaken in that and he may not be in any danger, yet he has the right to exercise that option, and that by the contract he is vested with the right to take possession.

Now the cases which it is claimed support the plaintiff's case here upon the evidence in this case are the *Singer* v. *Caldwell* case, decided by the Circuit Court of Jefferson County, I believe, and the Speyer case in the 59th O. S. Reports, page 11. The Supreme Court without report affirmed the Circuit Court in the *Singer* v. *Caldwell case*—simply said that they affirmed it upon the opinion of the circuit court. Looking then to the opinion of the circuit court we find that the circuit court holds that as that chattel mortgage was drawn it was a simple evasion of that statute. Now looking to the terms of the mortgage itself we find that while it undertakes to state a conveyance of the title to the vendee and then reconveyance back, that in effect it places the vendor in exactly

the position without a particle of difference from that of any other vendor in the case of a conditional sale, the title to remain. Whenever there is a default it authorizes him to seize it. Not as a chattel mortgagee. He is a trustee and he will be compelled to account as any other trustee is compelled to account for the proceeds. But the contract provides that he should take it absolutely and not account at all; simply take it in payment of the unpaid purchase price and the vendee forfeit all that he has paid.

Now I believe that case was decided rightly. That was a plain evasion. That was not the terms of a chattel mortgage. Such condition as that in a chattel mortgage, in my judgment, renders it something entirely different from a chattel mortgage. A mortgagee is a trustee—always so held. When he takes possession of the property he must account necessarily for the proceeds; but by that contract he was not to account at all. Of course the court goes on at length and comments on the nature of the contract; but that distinguishes it, it seems to me, in such a manner from the case at bar that it can not be considered as authority in this case.

Now coming to the Speyer case. In that case the court below had declined to charge the jury that they should consider evidence in the case tending to show that it was a conditional sale, but simply held upon the written contract itself in that case that it was not a conditional sale but simply a mortgage. The arguments of counsel in the case, as well as the statement of the court, show that there was evidence in the case tending to show that the title was to remain in the vendor. Counsel has read some of the evidence here from the record this morning which I have not heard before, but I observe from the argument of counsel in their belief, as well as from the statement of the court, that that case was reversed because the court below had refused to charge upon that point—there being oral evidence in the case from witnesses upon the stand that the title was to remain. The court having refused to charge the jury to consider it had erred. I think there is doubt about that, and if there were any evidence in this case, from the mouth of any witness, that the title was to remain in the vendor, of course it would be a question for the jury as to the weight of it. But unless we are to hold now that the execution of a chattel mortgage in the ordinary form, containing the usual conditions concurrently with the sale itself is a

circumstance which the jury have a right to consider and is evidence which tends to show the title was to remain in the vendor, then there is nothing in this case to submit to this jury.

The Circuit Court of Hamilton County says that circumstance alone does not tend to show it, and I may say I think in that the court is right. If there is nothing more than that circumstance the court would have to instruct this jury as to what the effect of that would be. Is that sufficient to warrant a recovery—that fact alone without more? I think this is a question of law. The jury are not merely to speculate and say this might have been an invasion of the statute. The fact that the vendor in this case was engaged in the business largely of selling machines in this way does not place it in any different category than that of a man who makes one sale. A man who makes many sales is entitled to the same security that a man who makes one sale is entitled to, if it be a sale. So that it seems to me that it is a question in this case which addresses itself to the court. Is there any evidence in this case which tends to support the claim that the title was to remain in the vendor. I will say, too, that in addition to the case reported in the 22d Circuit Court Reports by the Hamilton County Circuit Court, that Judge Jackson of the Superior Court of Cincinnati recently had a case which is exactly this case. It was a case in which there had been a judgment taken by the vendor and execution issued and the machine was seized upon the execution, and the party went into the superior court and sought to enjoin the sale, claiming it was an evasion of the statute. The judge at some length discusses the Speyer case and he says it is to be distinguished clearly from the case which was submitted to the court there, and he held that the mere fact that a chattel mortgage was executed at the time when the sale took place did not show that any title was to remain and did not tend to show that any title was to remain in the vendor. In other words, it was nothing more than the ordinary case of sale and execution of a chattel mortgage to secure the unpaid portion of the purchase money, and he points out the fact that the Speyer case turned on the error of the court below, there being evidence, as the report disclosed, tending to show that the title was to remain in the vendor, and I may say that is the pivotal point in all these cases.

That is the essential element of all of them which entitled the plaintiff to recover. Was there a reservation of the title to the vendor? Is there in the case at bar any evidence that tends to show that there was any reservation of that kind? Believing as I do in this case that there is no evidence here tending to prove it, it seems to me there is no escape from it; that if the court is to submit this question to the jury it must submit every case where a chattel mortgage is taken at the time of the sale of the property to the jury, and leave them simply to speculate without any evidence at all upon the subject as to whether or not that might not have been an attempt to avoid this statute; a case of a chattel mortgage in the usual form executed concurrently with the sale of the property—because that is this case—and notes given for the purchase price at the time the mortgage was executed; so that I say there is nothing in the evidence, and the jury have no right to infer that from the proof. Juries can not speculate and say this might be the cause. They must have some proof to show that there was an attempt to reserve the title. As I say, upon a careful consideration of it I find I was in error in overruling this demurrer. I think the petition is demurrable. Furthermore, I think if the petition were amended so as to make it good against demurrer that the proof fails; there is no proof to support that essential averment of the petition and that the court can not do anything else upon the proof in this case except to arrest it from the jury.